The Honorable Joann Flower State Representative, Forty-Seventh District Rt. 2, Box 5 Oskaloosa, Kansas 66066
Dear Representative Flower:
You request our opinion regarding the ownership of roads in the Bateman subdivision in Jefferson county. Essentially your question is whether the county is liable for maintenance of the roads within that subdivision. We are unable to provide a definitive answer to these questions in the absence of certain facts, but we provide the following legal analysis to which the relevant facts may be applied.
The information you have provided indicates that the plat for the Bateman subdivision was approved by Jefferson county in 1989. At that time the pertinent statutes dealing with county zoning and subdivision regulations were K.S.A. 19-2914 et seq. K.S.A. 19-2918, as amended by L. 1970, ch. 71, sec. 8 (repealed, L. 1991, ch. 56, sec. 28) provided in part:
 "The planning board may adopt regulations governing the subdivision of land within that portion of the unincorporated area of the county . . . when the same shall have been designated by resolution of the board of county commissioners for that purpose. No such regulations or changes or amendments thereto adopted by a county planning board shall become effective unless and until the same has been submitted to and approved by the board of county commissioners . . . . Such regulations may provide for the location and width of streets . . . . Such regulations may also, as a condition to the approval of any plat, require and fix the extent to which and the manner in which streets shall be graded and improved . . . to protect public health and general welfare. Such regulations may provide that in lieu of the completion of such work and installation previous to the final approval of the plat, the planning board may accept, on behalf of the county, a corporate surety bond, cashier's check, escrow account or other like security in an amount to be approved by the board of county commissioners conditioned upon the actual construction of such improvements and utilities within a specified period, in accordance with such regulations, and the board of county commissioners are hereby empowered to enforce such bond by all legal and equitable remedies. Such regulations shall be adopted, changed, or amended only after a public hearing has been held thereon . . . ."
Pursuant to K.S.A. 19-2918c, as amended by L. 1965, ch. 178, sec. 7 (repealed, L. 1991, ch. 56, sec. 28), the county was to approve all plats submitted to it as being in conformance with the provisions of the subdivision regulations before such could be filed of record with the county register of deeds. Included in the information you provided is a copy of a document entitled Subdivision Regulations for Jefferson County Kansas. This document purports to have been adopted under the authority of the General Statutes of 1949, sections 19-2914 through 19-2926. See
Regulations, Sec. 10.3. Presumably these were the regulations in effect for the subdivision in question in 1989. (While K.S.A. 19-2914 et seq. were repealed in 1991, the provisions in question were essentially recodified at K.S.A. 12-749 and 12-752. K.S.A. 12-762 provides for the continued viability of consistent regulations adopted prior to the effective date of the new act, L. 1991, ch. 56.) Two sections of the subdivision regulations pertain to streets. Section 30.2 deals generally with the arrangement, width and grade of streets. Section 60.4 provides as follows:
 "Streets shall be graded and improved to conform to requirements established by the governing body."
Resolution No. 2, adopted October 10, 1975 and rescinded September 1, 1989, provided additional requirements for roads and streets in subdivisions in the county, including a base thickness of 2 to 4 inches of "asphaltic concrete." Resolution No. 2 was replaced by Resolution No. 89-14, adopted September 1, 1989 and rescinded October 4, 1991, which required 2 to 3 inches of "asphaltic concrete" (as determined by the county engineer) and a 6 inch total surface. It is unclear which resolution is applicable to the roads in the Bateman subdivision, or whether the current resolution, No. 91-34, adopted October 4, 1991 (which includes an option for 6 inches of "asphaltic concrete"), would apply for roads which have yet to be built. In any event, the county apparently approved the plat, or at least the sale of certain lots and the allowance of building permits on other lots, conditioned on the building of a road meeting the specifications for a rock road. Minutes, Meeting of the Jefferson County Planning Commission, May 23, 1989; Special Covenants and Restrictions to accompany Plat of Batemans Subdivision, Jefferson County, Kansas, page 1. You have presented no evidence that the county required a bond or other security in lieu of and to guarantee the completion of the street improvements per specifications of the regulations as authorized by K.S.A. 19-2918 and section 60.1 of the Subdivision Regulations. However, section 60.1-1 of the Subdivision Regulations does state that "nothing in these regulations shall prevent the development and improvement of fractional parts of subdivisions providing all buildings are properly served by utilities and improvements as recommended by the Planning Commission and approved by the governing body." Based upon the information provided, as set forth above, it appears that the county approved the plat and allowed the development of the subdivision to progress without requiring a guarantee that the roads within it meet county resolutions regarding pavement. We now look to whether the county is required to accept such roads and maintain them as county roads.
K.S.A. 68-102 et seq. provide generally for the laying out and opening of roads. Whether a particular road is laid out appears to be discretionary with the county, in view of the public utility and expense involved. K.S.A. 68-106. However, once a county road is laid out or established, it becomes the duty of the county engineer to open it or cause it to be opened. K.S.A. 68-115. Thus once a survey and plat of the roads in a subdivision are recorded pursuant to K.S.A. 68-102 et seq. the action necessary for establishing roads, those roads become county roads. See Gehlenberg v. Saline County, 100 Kan. 487, 491 (1917); Attorney General Opinions No. 91-163, 91-140. The county's "acceptance" of the roads occurs at the time the survey and plat are so recorded. We do not have the necessary facts to determine whether this has occurred for the roads in question.
Determining that roads are county roads does not necessarily resolve the issue. We have found nothing that requires the county to make certain improvements or to maintain county roads in a particular way. K.S.A. 68-701, 68-728, 68-731 and 68-735 set out procedures for petitioning the county for specified road improvements in certain benefit districts or in circumstances where land is platted and/or laid off into lots and blocks within the county but outside the limits of any incorporated city. These provisions do not necessarily apply in this instance, but are significant in that the decision to improve the roads in subdivisions in those situations is purely discretionary with the board of county commissioners "whenever it deems the same necessary." Id. The degree of maintenance would also appear to be discretionary with the board. The board may, however, have a cause of action against the developer for failure to build the roads in conformance with the pertinent subdivision regulations and county resolutions.
In conclusion, a county road is established upon recording the survey and plat of the same. The degree of improvement or maintenance of county roads is discretionary with the county. A county may have a cause of action against a developer for failure to build subdivision roads in compliance with county requirements.
Very truly yours,
 ROBERT T. STEPHAN Attorney General of Kansas
 Julene L. Miller Deputy Attorney General
RTS:JLM:jm